UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

UNITED STATES OF AMERICA

   - against -

ROQUE GARCIA PEDROZO
a/k/a "Santiago",

                     Defendant.

------------------------------------X

09 Cr. 84-01 (RWS)

SENTENCING OPINION

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 5/22/12

**Sweet, D.J.**

On November 19, 2009, Roque Garcia Pedrozo, a/k/a "Santiago" ("Garcia Pedrozo" or the "Defendant") pleaded guilty to one count of conspiracy to import cocaine, in violation of 21 U.S.C. §§ 812, 952(a) and 96(b)(1)(B), and one count of conspiracy to obstruct justice, in violation of 18 U.S.C. §§ 1512(b)(3), 1512(h) and 1512(h). For the reasons set forth below, Garcia Pedrozo will be sentenced to 168 months' imprisonment. Defendant will forfeit to the United States all property involved in the offenses or traceable to them. Garcia Pedrozo will be required to pay a special assessment of $200.

**Prior Proceedings**

On November 19, 2009, two-count Superseding Felony Information S4 09 CR 84-02 (RWS) was filed in the Southern District of New York.

Count 1 charges that from at least 1999 through 2008, Garcia Pedrozo, who first entered the U.S. in, and was first brought to and arrested in, the Southern District of New York, and others, conspired to import into the U.S. from a place outside thereof, 5 kilograms and more of cocaine, in violation of 21 U.S.C. §§ 812, 95(a), and 960(b)(1)(B). It was further a part and object of the conspiracy that Garcia Pedrozo and others manufactured and distributed the 5 kilograms of cocaine, intending and knowing that it would be imported into the U.S. from a place outside thereof, in violation of 21 U.S.C. §§ 959, 960(a)(3) and 960(b)(1)(B).

Count 2 charges that from at least 1999 through 2008, in the Southern District of New York, and elsewhere, Garcia Pedrozo, who first entered the U.S. in, and was first brought to and arrested in, the Southern District of New York, and others conspired to delay, and prevent the communication to law-

enforcement officers and judges of the U.S. of information relating to the commission of a federal offense, in violation of 18 U.S.C. §§ 1512(b)(3), 1512(h) and 1512(h). It was further a part and an object of the conspiracy that Garcia Pedrozo and others influenced and impeded an official proceeding, in violation of 18 U.S.C. §§ 1512(c), 1512(h) and 1512(k).

On November 19, 2009, Garcia Pedrozo appeared before the Honorable Robert W. Sweet in the Southern District of New York and pleaded guilty to Counts 1 and 2.

Garcia Pedrozo's sentencing is currently scheduled for June 4, 2012.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the advisory Guidelines. Thus, the sentence to be imposed here is the result of a consideration of:

>  (1)  the nature and circumstances of the offense and the history and characteristics of the defendant;
>
>  (2)  the need for the sentence imposed —
>
>  >  (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>  >
>  >  (B)  to afford adequate deterrence to criminal conduct;
>  >
>  >  (C)  to protect the public from further crimes of the defendant; and
>  >
>  >  (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
>  (3)  the kinds of sentences available;
>
>  (4)  the kinds of sentence and the sentencing range established for —
>
>  >  (A)  the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;
>
>  (5)  any pertinent policy statement . . . [issued by the Sentencing Commission];
>
>  (6)  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
>  (7)  the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See

Crosby, 397 F.3d at 114-15.

**The Defendant**

The Court adopts the facts set forth in the Presentence Investigation Report ("PSR") with respect to Garcia Pedrozo's personal and family history.

**The Offense Conduct**

The following description draws from the PSR. The specific facts of the underlying conduct are adopted as set forth in that report.

From January 26, 1991, until January 2006, Garcia Pedrozo was an officer of various rank with the Colombia National Police ("CNP"). In approximately January 1999, Garcia Pedrozo's corrupt involvement with drug traffickers began after he was transferred to the Special Investigation Unit ("SIU") in Medellin, Colombia, and began to work directly with DEA agents in Colombia. Garcia Pedrozo's involvement with traffickers did not end when he retired from the CNP in January 2006, but continued to late 2008, when he received a car from a trafficker

that he had provided information to in the past.

Garcia Pedrozo provided information in exchange for money or other tangible compensation to seven different drug traffickers or representatives of their organizations. The information that Garcia Pedrozo provided include, among other things, tips about pending arrest warrants, Mutual Legal Assistance Treaties (which include cooperation agreements between law-enforcement agencies), extradition requests, investigations that were initiated, or names mentioned by law-enforcement authorities.

In exchange for providing information to the drug traffickers and their organizations, Garcia Pedrozo received a monthly stipend of $500 from one trafficker, which was later increased to $1000 monthly. Additionally, Garcia Pedrozo occasionally received one-time payments from that trafficker, the largest being between approximately $50,000 and $60,000. Another drug trafficker gave Garcia Pedrozo an expensive watch and car. One trafficking organization provided Garcia Pedrozo and another corrupt officer with payments to share of up to $150,000 and occasionally monthly stipends of $15,000.

During the period that Garcia Pedrozo assisted drug traffickers, the DEA learned that the traffickers were responsible for importing at least 150 kilograms of cocaine.

During 1999 until 2008, Garcia Pedrozo sustained a pattern of providing drug traffickers with information about DEA and Colombia Police investigations in exchange for money or other items. By providing such information, Garcia Pedrozo allowed these traffickers to continue sending large quantities of cocaine to the U.S.

Garcia Pedrozo voluntarily surrendered in Colombia on April 25, 2009, and he was extradited to the S.D.N.Y. on April 27, 2009.

**The Relevant Statutory Provisions**

For Count 1, the mandatory minimum of imprisonment is maximum term of imprisonment is 10 years to life imprisonment, pursuant to 21 U.S.C. § 963 and 21 U.S.C. §§ 959, 960(a)(3) and (b)(1)(B). For Count 2, the maximum term of imprisonment is 20 years, pursuant to 18 U.S.C. §§ 1512(h) and (k).

For Count 1, if a sentence of imprisonment is imposed, pursuant to 21 U.S.C. § 963 and 21 U.S.C. § 959, 960(a)(3) and (b)(1)(B), the Court may impose a term of supervised release of at least five years. For Count 2, if a sentence of imprisonment is imposed, pursuant to 18 U.S.C. § 3583(b)(2), the Court may impose a term of supervised release of not more than three years. Such terms of supervised release will run concurrently, pursuant to 18 U.S.C. § 3624(e).

For Count 1, the Defendant is not eligible for probation because the instant offense is one for which probation has been expressly precluded by statute, pursuant to 18 U.S.C. § 3561(a)(2) and 21 U.S.C. § 963 and 21 U.S.C. §§ 959, 960(a)(3) and (b)(1)(B). Probation is not authorized on Count 2 because the Defendant is being sentenced at the same time to a term of imprisonment, pursuant to 18 U.S.C. § 3561(a)(3).

For Count 1, the maximum fine that may be imposed is $4,000,000, pursuant to 21 U.S.C. § 963 and 21 U.S.C. § 959, 960(a)(3) and (b)(1)(B). For Count 2, the maximum fine that may be imposed is $250,000, pursuant to 18 U.S.C. § 3571. A special assessment of $100 per count, for a total of $200, is mandatory,

pursuant to 18 U.S.C. § 3013.

Pursuant to 21 U.S.C. § 862(a)(1)(A) upon a first conviction for distribution of a controlled substance, a Defendant may be declared ineligible for any or all Federal benefits for up to five years as determined by the Court.

Pursuant to 18 U.S.C. § 853, as a result of committing the offense alleged in Count 1, forfeiture to the U.S. of all property, real and personal, involved in the offense or traceable to such offense is required.

**The Guidelines**

The November 1, 2011 edition of the <u>United States Sentencing Commission Guidelines Manual</u> has been used in this case for calculation purposes, pursuant to § 1B1.11(a). The Court finds the following with respect to Defendant's applicable offense level, criminal history, recognition of responsibility, and term of imprisonment:

Counts 1 and 2 are grouped together, pursuant to § 3D1.2(c), because Count 2 embodies conduct that is treated as

a specific offense characteristic in Count 1.

Pursuant to § 3D1.3(a), in the case of counts grouped together pursuant to § 3D1.2(a)-(c), the offense level applicable to a Group is the offense level, determined in accordance with Chapter Two and Parts A, B, C of Chapter Three, for the most serious of the counts comprising the Group (i.e., the highest offense level of the counts in the Group). In this instance, the guideline for Count 1, under § 2D1.1 produces the highest offense level and is therefore used.

The guideline for a violation of 21 U.S.C. § 960(b)(1)(B) is found in § 2D1.1. Pursuant to § 2D1.1(c)(1), the base offense level is 38.

Because the Defendant appears to meet the criteria set forth in subdivisions (1)-(5) of subsection (a) of § 5C1.2 (Limitation of Applicability of Statutory Minimum Sentences in Certain Cases), a two-level decrease is warranted, pursuant to § 2D1.1(b)(16).

Over the course of the offense, the Defendant sustained a pattern of providing drug traffickers with

information about DEA and Colombian Police investigations in exchange for money or other items. By providing such information, Garcia Pedrozo allowed these traffickers to continue sending large quantities of cocaine to the U.S. Because he willfully attempted to obstruct or impede the administration of justice with respect to the investigation of these individuals, a two-level increase is warranted pursuant to § 3C1.1.

Based on his plea allocution, the Defendant has shown recognition of his responsibility for the offense. Pursuant to § 3E1.1(a), the offense is reduced two levels. Furthermore, an additional one-level reduction is warranted, pursuant to § 3E1.1(b), because the Defendant gave timely notice of his intention to enter a plea of guilty, thereby permitting the Government to allocate its resources efficiently.

Accordingly, the applicable offense level is 35.

The Defendant has no known criminal convictions. This warrants zero criminal history points. A total of zero criminal history points establishes a Criminal History Category of I, pursuant to the table at Chapter 5, Part A, of the Guidelines.

Based on a total offense level of 35 and a Criminal History Category of I, the Guidelines range for imprisonment is 168 to 210 months. In the event that the Court finds that the Defendant meets the criteria pursuant to § 5C1.2, the Court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence.

The Guideline range for a term of supervised release for Count 1 is five years, the minimum required by statute, pursuant to § 5D1.2(c). The Guideline range for a term of supervised release for Count 2 is at least one year but not more than three years, pursuant to § 5D1.2(a)(2). Application Note #2 of § 5D1.2 provides that a Defendant who qualifies under § 5C1.2 is not subject to any statutory minimum sentence of supervised release. The Guideline range for a term of supervised release for Count 1 is therefore two to five years, pursuant to § 5D1.2(a)(1).

If a sentence of imprisonment of one year or less is imposed, a term of supervised release is not required by is optional, pursuant to § 5D1.1(b). Supervised release is required if the Court imposes a term of imprisonment of more

than one year or when required by statute, pursuant to § 5D1.1(a). The Court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the Defendant is a deportable alien who likely will be deported after imprisonment, pursuant to § 5D1.1(c).

Because the applicable guideline range is in Zone D of the Sentencing Table, the Defendant is not eligible for probation, pursuant to §5B1.1, Application Note #2.

The fine range for the instant offense is $20,000 to $4,000,000, pursuant to §§ 5E1.2(c)(3)(A) and (c)(4)(A). Subject to the Defendant's ability to pay, in imposing a fine, the Court shall consider the expected costs to the Government of any imprisonment, probation, or supervised release pursuant to § 5E1.2(d)(7). The most recent advisory from the Administrative Office of the United States Courts suggests a monthly cost of $2,407.78 to be used for imprisonment, a monthly cost of $286.11 for supervision, and a monthly cost of $2,180.27 for community confinement.

Pursuant to § 5F1.6, the Court may deny eligibility

13

for certain Federal benefits of any individual convicted of distribution or possession of a controlled substance.

Pursuant to Rule 32.2, "[t]he Court must include the forfeiture when orally announcing the sentence or must otherwise ensure that the Defendant knows of the forfeiture at sentencing. The Court must also include the forfeiture order, directly or by reference, in the judgment."

**The Remaining Factors of 18 U.S.C. § 3553(a)**

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not greater than necessary," as is required by the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103. In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 552 U.S. 85, 102 (2007) (quoting 18 U.S.C. § 3553(a)), and having considered the Guidelines and all of the factors set forth in § 3553(a), it is determined that a Guidelines sentence is warranted in the

instant case.

**The Sentence**

For the instant offense, Garcia Pedrozo will be sentenced to 168 months' imprisonment. Pursuant to § 5D1.1(c), there will be no term of supervised release because the Defendant is a deportable alien who will likely be deported after imprisonment.

A special assessment of $200, $100 for each count, payable to the United States, is mandatory and shall be due immediately.

Because the Defendant has no assets, no fine is imposed.

The Defendant shall forfeit to the U.S., any and all property constituting and derived from any proceeds obtained directly or indirectly as a result of the instant offense, pursuant to 21 U.S.C. § 853. Pursuant to Rule 32.2, "[t]he Court must include the forfeiture when orally announcing the sentence or must otherwise endure that the defendant knows of

15

the forfeiture at the sentencing. The Court must also include the forfeiture order, directly or by reference, in the judgment."

The Defendant has been detained without bail since his arrest. He is not a candidate for voluntary surrender because of the provisions found in 18 U.S.C. § 3143(a)(2).

The terms of this sentence are subject to modification at the sentencing hearing scheduled for June 4, 2012.

It is so ordered.

New York, NY
May 24, 2012

_____
ROBERT W. SWEET
U.S.D.J.